# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LAWRENCE M. EDWARDS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-2179 AGF |
| | ) |
| ELLIS MCSWAIN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's amended complaint under 28 U.S.C. § 1915(e).[1] After review, the Court finds that the complaint should be partially dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusion" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

---
[1] On August 11, 2017, the Court granted plaintiff's motion to proceed in forma pauperis and ordered him to file an amended complaint. *See* ECF No. 6.

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff brings this action alleging First Amendment retaliation against defendants Ellis McSwain, former Chairperson of Missouri Board of Probation and Parole; Robert Gould, former Clinical Director, Missouri Sex Offender Program ("SOP"); Kenneth Hovis, Clinical Manager III, SOP; Michael White, Clinical Manager III, SOP; Scott O'Kelley, Assistant Division Director, Division of Offender Rehabilitative Services; and Les Semar, Functional Unit Manager ("FUM"), Farmington Correctional Center.

Plaintiff alleges that while he was confined in the Farmington Correctional Center ("FCC"), defendant FUM Les Semar retaliated against him for filing grievances against two other FCC officials. According to plaintiff, Semar asked plaintiff to withdraw two of his grievances, and threatened that if he did not withdraw the grievances, Semar would make him serve his maximum sentence—imprisonment until 2024. Plaintiff refused to withdraw the grievances. In retaliation, plaintiff alleges defendant Semar contacted his friend, SOP Director Robert Gould, to have plaintiff terminated from the SOP. Plaintiff would have been eligible for more than two years' good time credits if he had completed the SOP.

Plaintiff states that defendant Michael White retaliated against him for filing grievances by refusing to transfer plaintiff to Eastern Reception, Diagnostic and Correctional Center ("ERDCC") where he was to have participated in the SOP, and instead had plaintiff transferred to Moberly Correction Center. Plaintiff eventually transferred to ERDCC to participate in the SOP, where he completed Phase I. Plaintiff states he was not allowed to enroll in Phase II of

the program. Plaintiff states SOP Director Robert Gould deactivated plaintiff altogether from enrollment in the SOP Phase II in retaliation for plaintiff having filed grievances.

For relief, plaintiff seeks an award of compensatory damages of at least $150,000,000 and punitive damages of at least $250,000,000. He also seeks a nine month credit toward Phase II of the SOP, and immediate placement on field parole to complete Phase III of the SOP.

## Discussion

To state a prima facie case for First Amendment retaliation under 42 U.S.C. § 1983, plaintiff must allege that he engaged in protected activity and that defendants, to retaliate for the protected activity, took adverse action against him that would chill a person of ordinary firmness from engaging in that activity. *See Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004).

The Court will allow plaintiff's retaliation claims against defendants Les Semar, Michael White, and Robert Gould to proceed, and will order the Clerk of Court to serve defendants with process.

With respect to the remaining defendants, plaintiff has not alleged they were responsible for any harm to him. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). Supervisors cannot be held vicariously liable under § 1983 for the actions of a subordinate. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009). To state a claim, the plaintiff must plead that the supervising official, through his own individual actions, has violated the Constitution. *Id.*

Because plaintiff has not alleged defendants McSwain, Hovis, and O'Kelley were directly involved in his alleged constitutional violations, the complaint fails to state a claim upon which relief can be granted as to these defendants. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983); *Woods v. Goord*, 1998 WL 740782, *6 (S.D.N.Y. Oct. 23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983). The Court will dismiss plaintiff's claims against these defendants.

Finally, plaintiff has filed a motion to appoint counsel. There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

After considering these factors, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time. The Court will deny plaintiff's motion to appoint counsel without prejudice to refiling later in the case.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with the

Missouri Attorney General's Office, as to defendants Les Semar, Michael White, and Robert Gould in their individual capacities.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Ellis McSwain, Kenneth Hovis, and Scott O'Kelley because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both. Plaintiff's claims against these defendants are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** without prejudice. [ECF No. 9]

**IT IS FUTHER ORDERED** that plaintiff's pro se motion for issuance of subpoenas is **DENIED** as moot. [ECF No. 12]

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in a timely manner or, in the alternative, be allowed to submit a summary judgment motion is **DENIED** as moot. [ECF No. 13]

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 4th day of December, 2017.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE