UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAWRENCE EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-2179-AGF |
| | ) | |
| ELLIS MCSWAIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This First Amendment retaliation case is before the Court on the pro se Plaintiff's "Supplemental Memorandum and Motion to Order" (ECF No. 107), in which Plaintiff requests that the sole remaining Defendant, Leslie Semar, produce unredacted copies of certain documents that Semar produced as part of his initial disclosures under Federal Rule of Civil Procedure 26(a)(1). These documents relate to the investigation of Plaintiff's grievances against certain Farmington Correctional Center officials.[1] Plaintiff asserts that Semar is attempting to evade discovery by redacting the documents, and Plaintiff asks the Court to compel the production of unredacted copies of the documents.

In response, Semar asserts that he redacted certain confidential and sensitive portions of the documents, that he intends to seek a protective order to protect the confidentiality of the documents, and that upon issuance of a protective order, he will produce the requested documents in unredacted form. ECF No. 109.

Semar has accordingly filed a motion for protective order, in which he seeks to protect the confidentiality of "documents relating to institutional security" or those implicating "privacy

---

[1] Plaintiff's legal claims are based on his allegation that Semar retaliated against Plaintiff as a result of these grievances.

concerns," which are likely to be produced in this litigation. ECF No. 126-1. Semar asserts that such documents may include the files and personal identifying information of offenders and employees of the Department of Corrections. ECF No. 126. Plaintiff opposes Semar's motion, again asserting that Semar is merely attempting to evade discovery.

Upon careful consideration of the parties' arguments, the Court will grant both motions. The Court finds that Semar has shown good cause for a protective order in this case, which may involve the production of sensitive information regarding prison operations. *See, e.g.*, Fed. R. Civ. P. 26(c) (providing that a protective order may be issued for "good cause"); *Fourhorn v. City & Cty. of Denver*, 261 F.R.D. 564, 569 (D. Colo. 2009) ("Ample caselaw addressing issues relating to jail or prison security and safety concerns reflects a broad policy against Court interference in matters which affect those concerns."). The Court has reviewed the proposed protective order and finds that the scope and methodology are appropriate. And as Semar does not oppose producing the unredacted documents sought by Plaintiff, provided they are produced pursuant to the above-noted protective order, the Court will also grant Plaintiff's motion.

However, the Court notes that neither motion in this case contains the certification required by Local Rule 37-3.04(A), which states that the Court will not consider any motion related to discovery and disclosure unless the motion contains a statement that the movant has conferred with the opposing party in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, the parties are unable to reach an accord. Pursuant to Local Rule 3.04(A), the statement must recite the date, time, and manner of such conference, and the names of the individuals participating therein, or must state with specificity the efforts made to confer.

Although Plaintiff is incarcerated, he and opposing counsel must correspond with respect to any discovery or disclosure dispute prior to filing a motion relating to that dispute, and any such motion must describe the nature of that correspondence. *See McGee v. Kurth*, No. 2:14CV14 CDP, 2014 WL 6607007, at *2 (E.D. Mo. Nov. 19, 2014) (holding that a pro se incarcerated plaintiff was required to comply with Local Rule 3.04(A)); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[P]ro se litigants must comply with court rules and directives."). Although in the interest of efficiency and justice, the Court will rule on the present motions, in the future, any discovery or disclosure motions that do not include the required Rule 3.04(A) certification may be summarily denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for a protective order is **GRANTED**. ECF No. 126. The Protective Order will be issued separately. Plaintiff is cautioned that he must comply with the terms of the Protective Order and that any violations could result in the imposition of sanctions.

**IT IS FURTHER ORDERED** that Plaintiff's "Supplemental Memorandum and Motion to Order" is **GRANTED in part**, as set forth above. ECF No. 107. Defendant shall promptly produce the unredacted documents sought by Plaintiff pursuant to the above-noted Protective Order to be issued in this case.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 27th day of December, 2018.