# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LAWRENCE EDWARDS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17-CV-2179-AGF |
| ELLIS MCSWAIN, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the pro se Plaintiff's motion for a temporary restraining order ("TRO") and preliminary injunction (ECF No. 117), and his motion to "stay" the Case Management Order's ("CMO") deadline for filing summary judgment motions until September 1, 2019, when Plaintiff asserts he would be in a better position to retain an attorney (ECF No. 120). For the reasons set forth below, both motions will be denied.

## BACKGROUND

Plaintiff Lawrence Edwards, a Missouri Department of Corrections ("MODOC") inmate and participant in MODOC's Missouri Sex Offender Program ("MOSOP"), filed this complaint pro se, on July 28, 2017. In the claims that remain following the Court's review and partial dismissal of claims under 28 U.S.C. § 1915(e), Plaintiff alleges that Defendant Les Semar, a functional unit manager at the Farmington Correctional Center where Plaintiff was at one point housed, intentionally delayed Plaintiff's progress in MOSOP in retaliation for Plaintiff having filed several grievances, including grievances

against two of Semar's coworkers.  Specifically, Plaintiff alleges that Semar delayed Plaintiff's entry into Phase II of MOSOP beyond the time permitted under MODOC policy—until January 29, 2018—resulting in the loss of Plaintiff's good time eligibility release date of February 23, 2017.

**Motion for a TRO and Preliminary Injunction**

Plaintiff filed this motion for a TRO and preliminary injunction on November 29, 2018.  Plaintiff seeks injunctive relief "to ensure that he successfully completes MOSOP [Phase II] within his 270-days requirement . . . ."  ECF No. 117 at 1.  In support of this request, Plaintiff argues that, after his delayed entry into Phase II of MOSOP, he is "now being told he must stay in MOSOP until his August 23, 2019 conditional release date."  *Id.* at 1-2.  Plaintiff contends that this violates a MODOC policy requiring completion of Phase II within 270 days.  Plaintiff seeks an injunction to ensure that he completes Phase II within 270 days and to ensure that he is thereafter placed on field parole to complete Phase III of MOSOP.

In support of his motion, Plaintiff has submitted a declaration dated November 26, 2018, in which he states under penalty of perjury that on November 21, 2018, a MOSOP therapist informed Plaintiff that he would "probably have to remain in MOSOP Phase II until August 23, 2019," which Plaintiff alleges is past "the required 270 days."  ECF No. 116 at 2.  Plaintiff states that, as of the date of his declaration, he had already spent 230 days in Phase II, and he was due to graduate Phase II by the end of December 2018.  *Id.*

In his opposition brief, Semar argues that Plaintiff has not shown a threat of irreparable harm to warrant a TRO or preliminary injunction because Semar retired on

2

October 1, 2015, and since then has had no involvement or influence over decisions made in MOSOP. Semar also contends that there is no irreparable harm because, as of the date of his motion, Plaintiff had not even reached the "the *minimum* requirement of 270 active days" required to complete Phase II. ECF No. 122 at 2. Specifically, Semar notes that, by Plaintiff's own assertion, Plaintiff had only completed 230 days of Phase II as of November 26, 2018, and Plaintiff could not possibly complete an additional 40 qualifying days in just a month such that he would be prepared to graduate Phase II by the end of December 2018, as Plaintiff contended in his declaration. Semar argues that "many participants require more than 270 days" in Phase II, and that in any event, "Plaintiff is likely to complete Phase II well in advance of his August 23, 2019 conditional release date." *Id.* at 3.

As to the other factors governing injunctive relief, Semar argues that Plaintiff is unlikely to succeed on the merits, particularly given that Semar retired before Plaintiff was eligible for Phase II, and that granting Plaintiff's requested relief would interfere with MODOC operations and would harm the public interest in safety and security. Semar did not attach any admissible evidence in support of the assertions in his opposition brief, including his assertions regarding his retirement date.

**Motion to Extend the CMO's Summary Judgment Deadline**

Plaintiff also asks the Court to extend the CMO's March 1, 2019 deadline for summary judgment motions for six months, until September 1, 2019. Plaintiff argues that he has a conditional release date of August 23, 2019, and after such release, he will be better equipped to retain a private attorney. Plaintiff contends that he needs the

3

assistance of an attorney to obtain the discovery that would be required to defeat any summary judgment motion filed by Semar.

In opposition, Semar argues that the current schedule provides ample time to complete appropriate discovery and to file and respond to any motion for summary judgment. Semar notes that Plaintiff has already served discovery requests to which Semar has responded.

## DISCUSSION

## Motion for a TRO and Preliminary Injunction

In considering whether to grant injunctive relief, the Court must consider the following factors: (1) the threat of irreparable harm to the movant; (2) the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that the movant will succeed on the merits; and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc). No single factor is dispositive. *Id.* at 113. However, absent a showing of real or immediate threat, there can be no showing of irreparable injury. *Randolph v. Rogers*, 170 F.3d 850, 856 (8th Cir. 1999) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). "Moreover, in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (citation omitted). The party requesting injunctive relief bears the "complete burden" of proving that an injunction should be granted. *Gelco Corp. v. ConistonPartners*, 811 F.2d 414, 418 (8th Cir. 1987).

The Court has carefully reviewed the record and finds that Plaintiff has not met his burden to demonstrate that injunctive relief is warranted. As a preliminary matter, a TRO or preliminary injunction is appropriate to grant intermediate relief "of the same character of that which may be granted finally," but inappropriate for dealing with matters "lying wholly outside issues in the suit." *DeBeers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945); *see also Devose v. Herrington*, 42 F.3d 470 (8th Cir. 1994) (affirming the denial of injunctive relief in a § 1983 action because the request was based on new assertions of mistreatment that were different from the claim raised and the relief requested in the complaint). Here, Plaintiff's motion for injunctive relief relates to a new assertion of mistreatment—regarding an alleged threat to keep Plaintiff in Phase II until August 2019—and not the earlier delay in Plaintiff's start date for Phase II, which is the basis of the complaint in this action. The new assertion might support an additional claim, but it is not clear to the Court that it could provide the basis for a TRO or preliminary injunction.

Further, Plaintiff has not demonstrated that he faces a threat of irreparable harm. While Plaintiff alleges that he was told that he would "probably" have to remain in Phase II until August 23, 2019, he has not demonstrated that such injury is likely to occur. Rather, the suggested threat of harm is merely speculative.

Moreover, Plaintiff has not demonstrated a sufficient likelihood of success on the merits at this early stage. Although, as Plaintiff notes, the Court found that the claims which now remain were sufficient to withstand screening pursuant to 28 U.S.C. § 1915, the question on screening is merely whether the complaint states any valid claim for

5

relief. More is required to survive summary judgment or prevail at trial on the merits.

To prevail on the merits, a plaintiff must present admissible evidence sufficient to support the claims in his complaint. Plaintiff has not yet provided admissible evidence, as opposed to mere allegations, that Semar was responsible for the alleged delay in Plaintiff's progression through MOSOP, or that such delay was causally connected to Plaintiff's use of the grievance process, so as to support a First Amendment retaliation claim. *See Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004) (setting forth the elements of a prima facie case for First Amendment retaliation).

Finally, the public interest would not be served by judicial interference with the administration and operation of MOSOP in this regard, particularly in light of the Court's findings above regarding the other factors. Accordingly, the Court will deny Plaintiff's request for a TRO and preliminary injunction.

**Motion to Extend the CMO's Summary Judgment Deadline**

The Court will also deny Plaintiff's motion to extend the summary judgment deadline. Plaintiff has not shown good cause to extend the schedule at this time. As the Court noted in denying Plaintiff's prior motions for appointment of counsel (ECF No. 103), Plaintiff has demonstrated his ability to adequately present his claims to the Court thus far, and the factual and legal issues in this case are not complex. Indeed, Plaintiff has been actively engaged in discovery for the past several months, including filing and prevailing on a motion to compel documents from Semar, subject to a protective order (ECF No. 131). Should Semar timely file a motion for summary judgment, Federal Rule of Civil Procedure 56 provides procedures for Plaintiff to respond to that motion or to

assert with specificity and with proper proof why he cannot present facts essential to a response.  *See* Fed. R. Civ. P. 56.

## **CONCLUSION**

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiff's motions for a temporary restraining order and to stay summary judgment are both **DENIED**.  ECF Nos. 117 & 120.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 8th day of January, 2019.